## The Delaware, Lackawanna and Western Railroad Company v. Croop

*E. C. Marianelli* and *Gomer Morgan*, for plaintiff.

*Charles A. Shea* and *Richard McGuigan*, for defendant.

PINOLA, J., January 7, 1954.—Defendant has filed preliminary objections to plaintiff's amended complaint consisting of a motion to strike the complaint and a motion for a more specific complaint.

The first objection has been disposed of by the filing of a copy of the merger agreement between plaintiff and its predecessor, owner of the property with which we are concerned.

In the second objection defendant complains that plaintiff has not sufficiently set forth the manner in which it acquired title to the part of its right of way here involved.

In paragraph 4 of the complaint, plaintiff averred that:

"Plaintiff acquired title to its railroad right of way involved in this proceeding, in the following manner:

"During the years 1854 and 1855 the said The Lackawanna and Bloomsburg Railroad Company lo-

cated its railroad, and entered and constructed the same, upon and across certain lands in the warrantee names of William Chambers and John Ewing, in what is now Hunlock Township, Luzerne County; and appropriated a right of way across said lands, running in a general easterly and westerly direction, paralleling and in close proximity to the main highway now known as U. S. Route 11, and including more particularly the right of way mentioned and described in Paragraph 5 hereof.

"The said right of way was used and occupied by said The Lackawanna and Bloomsburg Railroad Company for the purpose of its railroad, with its main track, sidings, switches and other railroad facilities thereon, up to the merger with Plaintiff as hereinbefore recited in Paragraph 3.

"By virtue of the terms of said merger and under authority of the laws of the Commonwealth of Pennsylvania, the said right of way became the right of way of Plaintiff, upon which it continued thereafter and still continues to maintain its tracks, sidings, switches and other railroad facilities, and to operate its trains, cars and engines in pursuit of its business of a common carrier under the laws of Pennsylvania; during all of which period of time Plaintiff remained in peaceful and undisturbed possession and occupation of said right of way, except for the trespasses committed by Defendant, as hereinafter set forth."

It is quite apparent that the title of plaintiff was acquired through condemnation under the Act of February 19, 1849, P. L. 79, sec. 10, 67 PS §271. That being so defendant is entitled to know whether or not all of the steps were taken by plaintiff and its predecessor which are required in order to vest title to the right of way in the railroad. Without such information, he cannot properly prepare his defense. Therefore, we conclude that the complaint is insufficient.

Moreover, since plaintiff seeks more than the preservation of the status quo, its right to the relief sought must be clearly stated in the complaint.

Accordingly, we enter the following

*Order*

Now, January 7, 1954, at 11 a.m., the motion for a more specific complaint is allowed and plaintiff is required to amend its complaint within 20 days from the date hereof.